UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WILLIAM BRYAN COTTINGHAM ]<br>    Plaintiff, ]<br>                            ]<br>v.                                   ]<br>                            ]<br>POLICY STUDIES, INC. ]<br>    Defendant. ] | No. 3:07-0580<br>Judge Echols/Brown |

To: Honorable Robert L. Echols, District Judge

## **R E P O R T  A N D  R E C O M M E N D A T I O N**

Pursuant to Rule 72(a) and (b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1)(A) and (B), this action was referred to the undersigned for consideration of all pretrial matters, including any dispositive motions filed by the parties. Docket Entry No. 44.

Presently pending before the Court are defendant's Motion to Dismiss (Docket Entry No. 29), plaintiff's Response in Opposition to the Motion to Dismiss (Docket Entry No. 35), defendant's Reply in Support of the Motion to Dismiss (Docket Entry No. 39), plaintiff's Motion to Strike the Reply in Support of the Motion to Dismiss (Docket Entry No. 42) and the defendant's Response to the Motion to Strike (Docket Entry No. 45).

The undersigned has carefully reviewed these pleadings and the amended complaint (Docket Entry No. 26) and finds that the defendant's Motion to Dismiss has merit. Accordingly, the Magistrate Judge respectfully recommends that, for the reasons stated below, the defendant's motion should be granted and that this action should be dismissed.

1

## I. BACKGROUND

The plaintiff, proceeding *pro se*, is a resident of Nashville.[1] He brings this action against Policy Studies, Inc. (PSI), a for-profit Colorado corporation, seeking injunctive relief and damages. The plaintiff asserts jurisdiction based upon both diversity of citizenship and a federal question.[2]

In August, 1996, the plaintiff and his wife, Donna, were granted a Final Decree of Divorce. The Final Decree included provisions directing the plaintiff to pay monthly child support and five years of rehabilitative alimony. Over the course of time, the plaintiff fell behind on these obligations.

Effective January 1, 2002, the Tennessee Department of Human Services entered into a contract with the defendant to provide the State with child support enforcement services. Docket Entry No. 39; Exhibits A and B.[3] Pursuant to this contract, PSI retained Lori Thomas Reid, a member of the Williamson County Bar, to obtain a judgment against the plaintiff for his child support and alimony arrearages. Because it was thought that the failure to make the required payments was willful on the plaintiff's part, Ms. Reid was also authorized to seek sanctions for contempt. Docket Entry No. 39; Exhibit A at pg. 6; ¶ A26d.

In February, 2002, Ms. Reid filed a petition on behalf of Donna Cottingham seeking such

---

[1] The plaintiff initiated this action with the assistance of counsel. However, plaintiff's attorney became seriously ill and was allowed to withdraw from the case. Docket Entry No. 31. Plaintiff has not yet retained substitute counsel to assist him.

[2] Jurisdiction for the plaintiff's original complaint (Docket Entry No. 1) was based solely upon diversity of citizenship. However, the plaintiff's amended complaint (Docket Entry No. 26) included federal claims arising under 42 U.S.C. § 1983.

[3] Reference to the contracts entered into by the defendant and the Tennessee Department of Human Services is appropriate when the contracts have been made exhibits to the Motion to Dismiss, they have been referred to by the plaintiff in his complaint, and they are central to the plaintiff's claims. Rule 10(c), Fed. R. Civ. P.; Weiner v. Klais and Co., Inc., 108 F.3d 86, 89 (6th Cir. 1997).

a judgment and sanctions. Docket Entry No. 26 at pg.4, ¶ 18. This petition was dismissed without prejudice. Id., at pg. 5, ¶ 26. Shortly thereafter, Ms. Reid filed a second petition which included the claims found in the original petition plus an additional contempt claim for non-payment of alimony.[4] She withdrawn the second petition but filed a third petition that also sought judgment for arrearages and criminal contempt sanctions.[5]

The state trial court conducted a two day hearing into the merits of the third petition. It was found that the plaintiff had accrued substantial child support and alimony arrearages. It was further found that the plaintiff was guilty of several counts of criminal contempt. As a consequence, the plaintiff was sentenced to serve one hundred seventy (170) days in jail. The lower court's ruling was affirmed on appeal to the Tennessee Court of Appeals. The Tennessee Supreme Court, however, later determined that the evidence had been insufficient to support the criminal contempt convictions. It was also found that, prior to the imposition of criminal sanctions, the plaintiff had been denied the assistance of counsel. Accordingly, the criminal sanctions imposed upon the plaintiff were reversed.[6] Cottingham v. Cottingham, 193 S.W. 3d 531 (Tenn. 2006).

The plaintiff claims that the defendant "continues to extort payment of child support by threats of prosecution for criminal contempt as a routine method of operation .....". Docket Entry No.

---

[4] The plaintiff alleges that the second petition was filed on the same day that the first petition was dismissed. *See* Docket Entry No. 26 at pg. 5, ¶ 24.

[5] The plaintiff alleges that Ms. Reid "caused a note to be placed by the court clerk on the Third Petition instructing the clerk to not show the Third Petition to the trial judge, and left the note in place until the IV-D docket, which included Plaintiff's case, had rotated to a second judge's court." Docket Entry No. 26 at pg. 5, ¶ 30.

[6] The state trial court found that the plaintiff had accrued a child support arrearage of $37,117.69 and an alimony arrearage of $36,000.00. These figures were not challenged by the plaintiff in his appeal to the Tennessee Supreme Court.

3

26 at pg. 6, ¶ 38. He chose to challenge this alleged misconduct by filing a complaint (Docket Entry No. 1) initiating the instant action. The complaint was later amended (Docket Entry No. 26) to include the following claims :

1) the defendant, through its actions, has engaged in the unauthorized practice of law;

2) the defendant has abused process by using "the process of criminal contempt in order to force collection of a civil liability";

3) the plaintiff is a victim of malicious prosecution because the defendant sought criminal sanctions against him without any evidence that the arrearages were willful;

4) the defendant has attempted to extort money from the plaintiff by using the threat of criminal contempt sanctions to force payment of a civil obligation; and

5) the defendant, pursuant to 42 U.S.C. § 1983, violated the plaintiff's right to notice, due process, a trial by jury and a speedy trial.[7]

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., is reviewed under the standard that dismissal is appropriate only if it appears that the complaint does not contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory. Bell Atlantic Corp. V. Twombly, 127 S.Ct. 1955, 1969 (2007). Accordingly, the

---

[7] In the amended complaint, the plaintiff alleges that the defendant also violated his right to cross examine witnesses, to have the assistance of counsel, to not be compelled to testify against himself, to not be subjected to double jeopardy, and to have a speedy trial. Docket Entry No. 26 at pg. 8, ¶ 43. Apparently, in his Response in Opposition to the Motion to Dismiss, the plaintiff has abandoned these claims. Strangely though, the plaintiff on the one hand abandons his claim of a right to speedy trial but restates it as one of his viable claims. Docket Entry No. 35 at pgs. 21-22.

4

complaint must contain enough factual allegations to state a claim for relief that is plausible on its face. Id., at 127 S.Ct. 1974.[8] In reviewing a motion to dismiss, the allegations in the plaintiff's complaint are liberally construed and taken as true. Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir. 1976). More than bare assertions of legal conclusions, however, are required to withstand a Rule 12(b)(6) motion, and the complaint must contain allegations of fact sufficient to support the asserted legal claims. *See* Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-437 (6th Cir. 1988).

### III. DISCUSSION OF THE LEGAL ISSUES

**A.) Unauthorized Practice of Law**

The plaintiff alleges that the defendant "has engaged, and continues to engage" in the unauthorized practice of law (Claim No. 1). Docket Entry No. 26 at pg. 6, ¶ 39. The state's highest court has addressed this type of claim and held that, a collection agent such as the defendant, when acting on behalf of its principal, does not practice law simply by retaining an attorney, agreeing upon the compensation to be paid, demanding execution on a judgment, and aiding in the discovery of property from which payment can be enforced. State ex rel. District Attorney v. Lytton, 110 S.W.2d 313, 315 (Tenn. 1937).

In this case, the actions complained about arose from pleadings filed by Lori Thomas Reid, an attorney licensed to practice law in Tennessee.[9] Ms. Reid was retained by the defendant to pursue judgments against the plaintiff and others for child support and alimony arrearages. The defendant was authorized under the contracts it had with the Tennessee Department of Human Services to

---

[8] Twombly abrogated the "no set of facts" test set forth in Conley v. Gibson, 78 S.Ct. 99, 102 (1957).

[9] The undersigned takes judicial notice of Ms. Reid's status as a licensed attorney in Williamson County. *See* 2008 Edition of the Tennessee Attorneys Directory.

5

retain Ms. Reid and to pursue those claims that the State had against the plaintiff for delinquent child support and alimony. Docket Entry No. 39; Exhibit A at pg. 5, ¶ A24; Exhibit B at pg. 2, ¶ A.2. Thus, the plaintiff has failed to state a claim against the defendant for the unauthorized practice of law.

**B.) Remaining State Law Claims**

The plaintiff has also alleged that the defendant is liable for abuse of process (Claim No. 2), malicious prosecution (Claim No. 3) and extortion (Claim No. 4). Each of these claims is based upon the defendant's threat of criminal contempt to coerce the plaintiff into paying part or all of his outstanding child support and alimony obligations. The defendant argues, at least in part, that it has absolute prosecutorial immunity from these claims.

In Imbler v. Pachtman, 96 S.Ct. 984, 995 (1976), the Supreme Court recognized that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages." Thus, any "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." Buckley v. Fitzsimmons, 113 S.Ct. 2606, 2615 (1993).

The Sixth Circuit has extended absolute immunity to those nonjudicial officials who function as the "*alter ego* of the prosecutor" and who "take ministerial actions intimately related to the judicial process". Joseph v. Patterson, 795 F.2d 549, 560 (6th Cir. 1986), cert. denied, 107 S.Ct. 1910 (1987). State family service workers, for example, were found to be absolutely immune from liability for filing child abuse petitions with the court. Salyer v. Patrick, 874 F.2d 374 (6th Cir. 1989). The analytical key, therefore, to determining whether prosecutorial immunity is applicable is

whether the actions in question were those of an advocate. Kalina v. Fletcher, 118 S.Ct. 502, 507 (1997).

The defendant entered into a contract with the State of Tennessee in which it agreed to "represent the State in each administrative hearing involving its activities pursuant to the contract pursuant to TCA § 71-3-124 using attorneys licensed in the state of Tennessee, and shall vigorously advocate the interests of the State consistent with the provisions of the Code of Professional Responsibility." Docket Entry No. 39; Exhibit A at pg. 5, ¶ A24; *see also* Docket Entry No. 39; Exhibit B at pg. 2, ¶ A2. The defendant further agreed, as set forth in the contract, to use contempt proceedings when necessary to enforce orders of support. Docket Entry No. 39; Exhibit A at pg. 6, ¶ A26d; *see also* Docket Entry No. 39; Exhibit B at pg. 5, ¶ A.4.d.ii(c). Ms. Reid, then, was acting as an advocate on behalf of the interests of the State of Tennessee when she attempted to recover child support and alimony arrearages from the plaintiff. Toward that end, she apparently engaged in negotiations with the plaintiff that he considered to be coercive in nature.[10] Regardless of how these negotiations are characterized, Ms. Reid was clearly acting as an advocate of the State during both the negotiations and filing of support and contempt petitions. As a consequence, the defendant has absolute immunity from any liability arising from the plaintiff's remaining state law claims.[11]

---

[10] Assuming the plaintiff's allegations to be true, the undersigned finds that the threat of criminal contempt to obtain satisfaction of a civil obligation is, at the very least, a reprehensible way to conduct business. Nevertheless, those charged with the responsibility of protecting the health and well-being of our children "must be able to perform the necessary tasks to achieve this goal without the worry of intimidation and harassment from dissatisfied parents." Kurzawa Mueller, 732 F.2d 1456, 1458 (6th Cir. 1984).

[11] Prosecutorial immunity extends only to damages being sought. The plaintiff is also seeking equitable relief in the form of permanent injunctions that would prevent the defendant from filing future criminal contempt petitions against him and from continuing to practice law in Tennessee. Docket Entry No. 26 at pg. 9. As noted above, the defendant has not been guilty of

7

**C.) Claim Arising under Federal Law**

Finally, the plaintiff alleges that, pursuant to 42 U.S.C. § 1983, the defendant violated his right to notice, due process, a speedy trial and a trial by jury (Claim No. 5). To establish a claim under 42 U.S.C. § 1983, the plaintiff must plead and prove that the defendant, while acting under color of state law, deprived him of some right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 101 S.Ct. 1908, 1913 (1981).

The plaintiff can not sue the defendant, though, solely because of its status as an employer or supervisor. 42 U.S.C. § 1983 will not support a claim posed on a respondeat superior theory of liability. Polk County v. Dodson, 102 S.Ct. 455 (1981). Where there is no allegation of participation, either directly or indirectly, by a supervisor or employer in an allegedly wrongful act, the complaint fails to state a cause of action upon which relief can be granted. *See* Dunn v. Tennessee, 697 F.2d 121, 128 (6th Cir.1982), cert. denied, 103 S.Ct. 1778 (1983).

In this case, the plaintiff has alleged that Ms. Reid's actions "were the direct result of the PSI's corporate policies and customs". Docket Entry No. 26 at pg. 8. He has not, however, identified the specific policies and customs referred to as violating his rights. Nor has the plaintiff shown any other way in which the defendant was acting as anything more than an employer of the person (Ms. Reid) who offended him. In short, it is readily apparent from the amended complaint that the defendant is being sued solely because it retained Ms. Reid. There is nothing to suggest that the defendant specifically ordered Ms. Reid to do or file anything that may have violated the plaintiff's rights. Accordingly, as respondeat superior is not a viable theory of recovery under § 1983, the

---

the unauthorized practice of law in this State. Moreover, criminal contempt, when used in appropriate circumstances, is a proper enforcement tool for any advocate of the State. Thus, equitable relief would not be available in this instance.

plaintiff's federal claims are also subject to dismissal.

## RECOMMENDATION

For the reasons discussed above, the undersigned finds that the plaintiff has failed to state a claim upon which relief can be granted. It is respectfully RECOMMENDED, therefore, that the Court GRANT the defendant's Motion to Dismiss (Docket Entry No. 29) and that this action should be DISMISSED with prejudice.

Any objections to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific portions of the Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See* Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

                                        Respectfully submitted,

                                        Joe B. Brown
                                        United States Magistrate Judge